UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HELLMAN, individually on behalf of himself and all others similarly situated; FRANCISCO BERLANGA, individually on behalf of himself and all others similarly situated; TIM ARTOFF, individually on behalf of himself and all others similarly situated; CY MITCHELL, individually on behalf of himself and all others similarly situated; and JONATHAN LOLLAR, individually on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES, INC., a Delaware Corporation, et. al.<br><br>Defendants. | No. 2:21-cv-00949-JAM-DMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Plaintiffs Michael Hellman, Francisco Berlanga, Tim Artoff, Cy Mitchell and Jonathan Lollar, each representing themselves individually on behalf of himself and all others similarly situated, sued Polaris Industries, Inc., a Delaware corporation, Polaris Sales, Inc., a Minnesota corporation, and Polaris Industries, Inc. a Minnesota corporation ("Defendants" or "Polaris") for six claims: (1) violation of the California

1

Consumer Legal Remedies Act, (2) violation of the California Unfair Competition Law, (3) violation of the California False Advertising Law, (4) violation of the Oregon Unlawful Trade Practices Act, (5) violation of the Nevada Deceptive Trade Practices Act, and (6) violation of the Texas Deceptive Trade Practices Act.  See First Amended Complaint ("FAC"), ECF No. 22.

Defendants move to dismiss Plaintiffs' fourth, fifth, and sixth claims under Oregon, Nevada, and Texas law for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  See Mot. to Dismiss ("Mot."), ECF No. 23.  Defendants also move to dismiss Plaintiffs' first, second, and third claims under California law to the extent they seek equitable relief for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).  See Mot. at 7-11. Plaintiffs oppose the motion.  See Opp'n, ECF No. 28. Defendants replied.  See Reply, ECF No. 29.  For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss.[1]

## I.   BACKGROUND

Polaris manufactures and markets various models of off-road vehicles known generally as utility terrain vehicles or UTVs. FAC ¶ 1.  Each Polaris UTV model allegedly has a sticker that states the vehicle's rollover protection system ("ROPS") complies with the Department of Occupational Safety and Health Administration ("OSHA") requirements under 29 C.F.R. § 1928.53.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 2, 2021.

2

Id. ¶ 3. Plaintiffs allege that Polaris's ROPS testing method does not satisfy OSHA's requirements and that its sticker claim is false. Id. ¶¶ 5, 41. Plaintiffs allege they each saw and relied upon Polaris' sticker claim when they purchased their Polaris UTV. Id. ¶¶ 54, 60, 65, 70, 76. Plaintiffs each further allege that "[i]f the sticker said that the ROPS structure failed to meet OSHA requirements, he would not have purchased [the vehicle]." Id. ¶¶ 54, 60, 65, 70, 76. Plaintiffs now bring consumer protection claims under the laws of the state where they reside and seek to certify class actions for consumers harmed in California, Nevada, Oregon, or Texas. Id. ¶¶ 82-86, 115-120, 136-137, 163-165, 182-186, 199-204, 218-222.

## II. OPINION

### A. Personal Jurisdiction under 12(b)(2)

Defendants moves to dismiss Plaintiffs' fourth, fifth, and sixth claims for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Mot. at 3-7.

#### 1. Legal Standard

A party may move to dismiss a suit for lack of personal jurisdiction under Rule 12(b)(2). To defeat a Rule 12(b)(2) motion, the plaintiff must make a prima facie showing of jurisdictional facts sufficient to establish that jurisdiction is proper. Mavrix Photo, Inc. v. Brand Tech., Inc. 647 F.3d 1218, 1223 (9th Cir. 2011). Here, where there is no applicable federal statute governing personal jurisdiction, the Court applies the law of California. Id. Because California's long-arm statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and

3

federal due process are the same. Id. (citing Cal. Civ. Proc. Code § 410.10). For this Court to exercise personal jurisdiction consistent with due process, the defendant must have "minimum contacts" with this forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal citations omitted). A court may exercise either general or specific jurisdiction over a defendant. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919-20 (2011).

2. General Jurisdiction Analysis

A court has general jurisdiction over a party whose "continuous operations within a state [are] so substantial and of such a nature as to justify a suit against it on causes of action arising from dealings entirely distinct from those activities." Int'l Shoe Co., 326 U.S. at 318. This is a very exacting standard that requires Defendant's activities in California be "so continuous and systematic as to render [it] essentially at home" in the state. Goodyear Dunlop Tires, 564 U.S. at 919. Generally, a corporate defendant is "at home" in California in three situations: (1) It is incorporated in the state, (2) it has its principal place of business in the state, or (3) it has "continuous and systematic contacts" with the state. Daimler AG v. Bauman, 571 U.S. 117, 137 (2014).

Defendants argue that they are not subject to general jurisdiction in California. Mot. at 3. Defendants are incorporated in either Delaware or Minnesota, and all three Defendants have their principal place of business in Minnesota.

4

1  Mot. at 4; see also FAC ¶¶ 23-25.  Further, Defendants deny that
2  they have continuous and systematic contacts with the state of
3  California.  Mot. at 4.  Although, Plaintiffs allege Defendants
4  pursued activities in California, including " maintain[ing]
5  their largest and [sic] distribution center facility in
6  California," Plaintiffs do not address Defendant's general
7  personal jurisdiction argument in their opposition.  FAC ¶ 26;
8  Opp'n at 6-8.  Because Plaintiffs do not oppose Defendants'
9  argument that the Court lacks general jurisdiction, Plaintiffs
10 waive this argument.  See Resnick v. Hyundai Motor America,
11 Inc., No. CV 16-00593-BRO (PJWx), 2017 WL 1531192 at *22, (C.D.
12 Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a
13 motion to dismiss constitutes waiver of that argument").
14 Accordingly, the Court does not find general jurisdiction exists
15 over Defendants.

         3.   Specific Jurisdiction Analysis

17     Specific jurisdiction "depends on an affiliation between
18 the forum and the underlying controversy, principally, activity
19 or an occurrence that takes place in the forum State and is
20 therefore subject to the State's regulation." Goodyear Dunlop
21 Tires, 564 U.S. at 919.  The Ninth Circuit uses a three-prong
22 test for analyzing claims of specific jurisdiction.
23 Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th
24 Cir. 2004).  First, the nonresident defendant "must purposefully
25 direct its activities or consummate some transaction with the
26 forum or resident thereof, or perform some act by which it
27 purposefully avails itself of the privilege of conducting
28 activities in the forum, thereby invoking the benefits and

protections of its laws." Id.  Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities." Id.  And finally, "the exercise of jurisdiction must comport with fair place and substantial justice such that it is reasonable." Id.  The plaintiffs bear the burden of satisfying the first two prongs of the test. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).  If the plaintiffs fail to satisfy either, then personal jurisdiction is not established, and the suit must be dismissed. Schwarzenegger, 374 F.3d at 802.

    Defendants argue that Plaintiffs have failed to satisfy the Ninth Circuit's three-prong test for specific jurisdiction because their fourth, fifth, and sixth claims do not arise out of or relate to the Defendants' forum related activities, contrary to the requirements of prong two.  Mot. at 7; Schwarzenegger v. Fred Martin Motor Co., 374 F.3d at 802. Plaintiffs' fourth, fifth, and sixth claims are brought by non-resident plaintiffs who allege facts that occurred outside the state of California.  FAC ¶¶ 187, 205, 226.  Plaintiffs Artoff (claim four), Mitchell (claim five), and Lollar (claim six) reside in and purchased a Polaris UTV in Oregon, Nevada, and Texas respectively.  FAC ¶¶ 187, 205, 226.  Further, the FAC does not allege any connection between these nonresident claims and Defendants' activities in California. See FAC.  This omission is fatal to a finding of specific jurisdiction, which requires "an affiliation between the forum and the underlying controversy." Goodyear Dunlop Tires, 564 U.S. at 919.  "When no such connection exists, specific jurisdiction is lacking

6

1 regardless of the extent of a defendant's unconnected activities
2 in the State." Bristol-Myers Squibb Co. v. Superior Ct. of
3 California, San Francisco Cty., 137 S. Ct. 1773, 1776 (2017).
4 Accordingly, Plaintiffs fail to satisfy their burden under the
5 Ninth Circuit test and the Court finds it does not have specific
6 jurisdiction over the nonresident claims.

          4.   Pedant Jurisdiction Analysis

8    Plaintiffs request this Court exercise pendent personal
9 jurisdiction over Defendants for Plaintiffs Artoff, Mitchell,
10 and Lollar's nonresident claims.  "[A] court may assert pendent
11 personal jurisdiction over a defendant with respect to a claim
12 for which there is no independent basis of personal jurisdiction
13 so long as it arises out of a common nucleus of operative facts
14 with a claim in the same suit over which the court does have
15 personal jurisdiction." Action Embroidery Corp. v. Atl.
16 Embroidery, Inc., 368 F.3d 1174, 1180 (9th Cir. 2004) (adopting
17 the doctrine of pendent personal jurisdiction).  The "exercise
18 of personal pendent jurisdiction in a particular case is within
19 the discretion of the district court". Id. at 1181.  Pendent
20 personal jurisdiction is "typically found where one or more
21 federal claims for which there is nationwide personal
22 jurisdiction are combined in the same suit with one or more
23 state or federal claims for which there is not nationwide
24 personal jurisdiction." Id. at 1180–81.  Plaintiffs do not
25 assert any federal claims here.  Further, the Court is
26 unpersuaded by Plaintiffs' arguments for judicial economy.
27    This Court therefore declines to exercise pendent personal
28 jurisdiction over Defendants for claims four, five, and six.

Accordingly, the Court dismisses claims four, five, and six without prejudice for lack of personal jurisdiction. Grigsby v. CMI Corp., 765 F.2d 1369, 1372 n.5 (9th Cir. 1985) (noting that dismissals for lack of personal jurisdiction are to be without prejudice).

### B. Equitable Restitution and Injunctive Relief Claims

Defendants move to dismiss Plaintiffs' claims for equitable restitution and injunctive relief under California's Consumer Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL") and False Advertising Law ("FAL"). Mot. at 7. Defendants argue that Plaintiffs' claims for equitable remedies fail under Sonner v. Premier Nutrition Corp., 971 F.3d 834 (9th Cir. 2020), because Plaintiffs fail to show they lack an adequate remedy at law. Id.

With respect to injunctive relief, this Court, applying Sonner, found that a "plaintiff may pursue her equitable claims for injunctive relief to the extent they are premised on alleged future harm." Roper v. Big Heart Pet Brands, Inc., 510 F. Supp. 3d 903, 918 (E.D. Cal. 2020). In Roper, the plaintiff alleged facts about deceptively labeled dog food that were of "sufficient detail to support, by way of inference, an alleged practice of false advertising with respect to the Products." Id. This and the plaintiff's allegation that "she and other future purchasers will continue to be misled" was "sufficient to suggest a likelihood of future harm amendable to injunctive relief." Id.

Here, Plaintiffs have made similar allegations that Defendants made misrepresentations about their UTVs' compliance

8

1  with OSHA requirements and that these misrepresentations "will
2  continue to cause irreparable injury to consumers unless
3  enjoined or restrained." FAC ¶¶ 5, 41, 180. Plaintiffs have
4  also alleged that they are at risk for future harms because they
5  "intend[] to shop for and buy UTVs in the future, including
6  those manufactured by Polaris." FAC ¶¶ 56, 61. Because
7  monetary damages, Plaintiffs' remedy at law, are retrospective,
8  they are inadequate to address Plaintiffs' prospective harms.
9  Zeiger v. WellPet LLC, 526 F. Supp. 3d 652, 687 (N.D. Cal.
10 2021). Accordingly, the Court declines to dismiss Plaintiff's
11 claims for injunctive relief.
12     With respect equitable restitution, the Court grants
13 Defendants' motion to dismiss, because Plaintiffs failed to
14 address Defendants' arguments in opposition. Opp'n at 11-14.
15 Plaintiffs therefore concede Defendants' arguments with respect
16 to equitable restitution. See Resnick v. Hyundai Motor America,
17 Inc., No. CV 16-00593-BRO (PJWx), 2017 WL 1531192 at *22, (C.D.
18 Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a
19 motion to dismiss constitutes waiver of that argument").
20     Accordingly, the Court dismisses Plaintiffs' claims for
21 equitable restitution under the CLRA, UCL, and FAL with
22 prejudice given further amendment is futile. Deveraturda v.
23 Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006).
24                       III.  ORDER
25     For the reasons set forth above, the Court GRANTS in part
26 and DENIES in part Defendants' Motion to Dismiss. Defendants'
27 Motion to Dismiss Plaintiff's Oregon Unlawful Trade Practices
28 Act, Nevada Deceptive Trade Practices Act, and Texas Deceptive

Trade Practices Act is granted WITHOUT PREJUDICE.  Defendants' Motion to Dismiss Plaintiff's claims for equitable restitution under the CLRA, FAL, and UCL is GRANTED WITH PREJUDICE.  The remainder of Defendants' Motion to Dismiss is DENIED.  Defendants' Answer to the FAC is due twenty (20) days from the date of this Order.

    IT IS SO ORDERED.

Dated: February 15, 2022

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE