UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francisco Berlanga, | Case No. 2:21-cv-00949-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| Polaris Industries, Inc., et al., | |
| Defendants. | |

Plaintiff and defendants jointly ask this court to seal twenty-eight documents. Notice of Mot. at 2, ECF No. 66; Joint Request at 3–5.[1]

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978) (footnotes omitted). Although that right is not absolute, "'a strong presumption in favor of access' is the starting point." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Courts grant requests to seal records in civil cases in only limited circumstances, such as to protect against "gratif[ication of] private spite or promot[ion of] public scandal" or to

---

[1] The joint request to seal and corresponding materials are not publicly available on the court's docket, but the parties have provided the documents to the court for in camera review pursuant to Local Rule 141(b).

1

preclude court dockets from being "reservoirs of libelous statements" or "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598 (citations omitted).

The Ninth Circuit has distinguished the public's interest in accessing court records filed in connection with nondispositive and dispositive motions. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1206 (9th Cir.2002); *Kamakana*, 447 F.3d at 1172. To seal documents filed in connection with a dispositive motion, such as summary judgment, parties must show there are "compelling reasons" for doing so. *Kamakana*, 447 F.3d at 1180, 1182 ("[T]he proponent of sealing bears the burden with respect to sealing."). To demonstrate compelling reasons, a party is "required to present articulable facts identifying the interests favoring continued secrecy and to show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process." *Id.* at 1181 (internal citations, quotation marks, and emphasis omitted). "When sealing documents attached to a dispositive pleading, a district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1182 (internal citation, quotation marks, and emphasis omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 589). "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.*

The Eastern District of California has adopted rules to clarify procedures for parties' compliance with the law reviewed above. Local Rule 141 provides documents may be sealed only by a written order of the court after a particularized request to seal has been made. E.D. Cal. L.R. 141(a). A mere request to seal is not enough under the local rules. Local Rule 141(b) expressly requires "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all relevant information." Redaction is also appropriate to

1  protect "proprietary or trade secret information." E.D. Cal. L.R. 140(b).  The court's own
2  Standing Order emphasizes the requirement that parties comply with the law and the rules in
3  making any sealing request, which they should do rarely if at all.
4        The parties move to seal twenty-eight documents related to their motion for class
5  certification—a dispositive motion.  Joint Request.  They ask for fourteen documents to be sealed
6  in their entirety and fourteen documents to be redacted in part.  *Id.* at 3–5.  However, the parties
7  have not identified specific reasons for sealing each document.  Instead, they cite generally to a
8  discovery protective order which by itself is insufficient, and provides the court with only a
9  handful of conclusory statements explaining the documents contain either: (1) trade secrets and
10 sensitive information regarding the structure of defendant's product, or (2) confidential third-
11 party information.  *Id.* at 1–3 (the documents "include the policies and practices of Defendant,
12 information which could be characterized as trade secrets and/or competitively sensitive
13 commercial information. The documents also contain confidential third-party information . . . .").
14       A trial court may seal "a trade secret or other confidential research, development, or
15 commercial information." Fed. R. Civ. P. 26(c)(1)(G).  Other courts within the Ninth Circuit
16 have sealed "product development plans" that could be used by "competitors seeking to replicate"
17 products "and circumvent the time and resources necessary in developing their own practices and
18 strategies." *Algarin v. Maybelline, LLC*, No. 12-3000, 2014 WL 690410, at *3 (S.D. Cal. Feb.
19 21, 2014).  Similarly, courts in this circuit have granted requests to seal limited amounts of
20 business information when movants specifically explain how disclosure of that information would
21 harm them.  *See AdTrader, Inc. v. Google LLC*, No. 17-07082, 2020 WL 6387381, at *2 (N.D.
22 Cal. Feb. 24, 2020) (granting Google's request to seal documents containing "highly sensitive and
23 confidential information" including information "regarding sensitive financial figures . . .  which,
24 when combined with other available information can be used to extrapolate information about . . .
25 capabilities and operation of Google's systems" or "provide[] a misleading picture of Google's
26 capabilities, which could damage Google's reputation"); *see also Rodman v. Safeway Inc.*,
27 No. 11-03003, 2015 WL 13673842, at *2 (N.D. Cal. Aug., 2015).

1   While the parties' request maybe viable, they have not provided this court with enough
2   information to grant their request.  The bare explanations included in the request do not provide
3   the court with enough to "articulate the factual basis" for sealing each document "without relying
4   on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1182.  For each document they request to
5   seal, parties must explain the specific information contained in the document and how disclosure
6   could or would hurt defendant. *See AdTrader, Inc.*, 2020 WL 6387381, at *2; E.D. Cal. L.R.
7   141(a).  It is not the job of this court to laboriously examine documents and connect the dots to
8   provide specific reasons supporting requests to seal.
9   Because the court does not have the necessary information to make a determination on
10  sealing, **the motion to seal is denied without prejudice**.
11  This order resolves ECF No. 66.
12  IT IS SO ORDERED.
13  DATED:  March 30, 2023.

_____\
CHIEF UNITED STATES DISTRICT JUDGE