UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francisco Berlanga, et al., | No. 2:21-cv-00949-KJM-DMC |
| Plaintiffs, | ORDER |
| v. | |
| Polaris Industries, Inc., et al., | |
| Defendants. | |

The parties jointly request an order sealing five documents in connection with an anticipated motion for class certification. *See* Revised Req., ECF No. 76; Mem. (submitted for *in camera* review).

The legal standard for requests to seal depends on whether the request is tied to a "dispositive" motion, i.e., a motion that is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). District courts within the Ninth Circuit disagree whether a motion to certify a class is "dispositive" in this sense. *See, e.g.*, *In re Seagate Tech. LLC*, 326 F.R.D. 223, 246 (N.D. Cal. 2018) (collecting conflicting authority). This court has decided class certification motions are "dispositive" and stands by that decision now. *See, e.g.*, Prev. Order, ECF No. 75. Motions for class certification may end the litigation for all practical purposes, *see e.g.*, *Seagate*, 326 F.R.D. at 246, and "[t]he class determination generally involves considerations that are enmeshed in the factual and legal issues

1

comprising the plaintiff's cause of action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

Because the pending request to seal is tied to a "dispositive" motion, it can be granted only if the parties offer "a compelling reason" to keep the information in question from the public. *Center for Auto Safety*, 809 F.3d at 1096–97 (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). To decide whether the party requesting a seal has carried that burden, the court balances the reasons for secrecy with the public's interests in disclosure. *See Kamakana*, 447 F.3d at 1179. If a court decides to grant a request to seal, it must explain its reasons and may not rely on "hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). In light of the strong presumption in favor of access to court records, and given the frequency and overbreadth of many motions to seal, federal courts deny motions to seal that merely cite "a general category of privilege." *See id.* at 1184. A party that wishes to keep its documents secret must point out a "specific linkage" between its interests in secrecy and those documents. *See id.* "[C]onclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Id.* at 1182.

The parties' amended joint request to seal in this case is narrower than their original request. They ask to redact or seal only five documents, rather than the twenty-eight listed in their original request. *See* Prev. Order at 3. They have also gone further than the broad assertions of confidentiality that led this court to deny their original request. *See id.* at 3–4. But the documents they request to seal still are more than three hundred pages long, and their amended request remains generic. They assert broad interests in the secrecy of "market research regarding consumer preferences," "proprietary strategic objectives regarding product development and testing," and "calculations of costs and reimbursement rates" for a product recall. Revised Req. at 3 (submitted for review *in camera*). The separate reasons they offer for each of the five listed documents are similarly vague and often identical. *Compare, e.g.*, *id.* at 4 ("Reflects confidential information related to Polaris proprietary market research regarding consumer preferences for ROPS and vehicle accessories, which reflects Polaris's strategic objectives regarding marketing

and consumer outreach"), *with, e.g., id.* at 5 ("Reflects confidential information related to Polaris proprietary market research regarding consumer preferences for ROPS and vehicle accessories, which reflects Polaris's strategic objectives regarding marketing and consumer outreach.").

One example in particular suffices to explain the court's concerns concretely. The parties ask to seal an April 2018 presentation of consumer survey responses. It is unclear why a five-year-old presentation would risk competitive harm today. Setting aside the presentation's age, the parties have not explained why all of the information in the presentation should be concealed. One page, for example, reports the commonsense conclusion that some people decide not to replace specific vehicle components because the replacement is not worth the money. The presentation also includes dozens of charts and tables, but for all of these charts and tables, the parties offer a single generic explanation: the information is "related to" market research and "reflects Polaris strategic objectives." These reasons are not "compelling." They also do not reflect any consideration by the parties of the possible narrowed option of redaction of only truly confidential information, if any qualifies.

The renewed joint request to file under seal (ECF No. 75) is **denied**.

IT IS SO ORDERED.

DATED: April 27, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE