1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Francisco Berlanga, | No. 2:21-cv-00949-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| Polaris Industries Inc., et al., | |
| Defendants. | |

In 2019, Paul Guzman filed a complaint against Polaris Industries Inc. in the United States District Court for the Central District of California. *See generally* Compl., *Guzman v. Polaris Indus. Inc.*, No. 18-1543 (C.D. Cal. Aug. 1, 2019), ECF No. 1. He alleged Polaris had misrepresented the strength of the "rollover protective systems" on its utility terrain vehicles. *See, e.g.*, *id.* ¶¶ 1, 5. According to a label attached to the vehicles, the protective systems met "OSHA requirements of 29 CFR § 1925.53." *Id.* ¶ 3. Guzman alleged this was false; the protective systems were actually much weaker. *See id.* ¶ 5. He alleged the misrepresentation violated state law, and he asked the court to certify a class of similarly situated buyers. *See id.* ¶¶ 51–78 (class allegations); *id.* ¶¶ 79–155 (legal claims). After amendments to the complaint, the parties filed and briefed motions to certify a class and for summary judgment. The district court granted summary judgment to Polaris and denied the motion to certify a class as moot. *See*

1   *generally* Order in Chambers, *Guzman v. Polaris Indus. Inc.*, No. 18-1543 (C.D. Cal. May 12,

2   2021), ECF No. 153.

3         Six days later, Guzman filed an appeal.  *See* Not. Appeal, *Guzman v. Polaris Indus. Inc.*,

4   No. 18-1543 (C.D. Cal. May 18, 2021), ECF No. 157.  Five days after that, the attorneys who

5   represented Guzman filed the complaint in this case, which asserts claims by several other Polaris

6   customers, including Francisco Berlanga.  *See generally* Compl., ECF No. 1.  Like Guzman, they

7   allege the stickers on Polaris's vehicles overstated their safety, and like Guzman, they asked to

8   pursue claims on behalf of other Polaris customers in a class action.  *See id.* ¶¶ 77–108 (class

9   allegations); *id.* ¶¶ 109–229 (legal claims).

10         This second case moved forward while Guzman's appeal was pending.  In 2022, the Ninth

11   Circuit reversed the Central District court's order granting summary judgment and remanded.

12   *See Guzman v. Polaris*, No. 21-55520, 2022 WL 4547785, at *1 (9th Cir. Sept. 29, 2022)

13   (unpublished).  This meant Guzman's motion for class certification was no longer moot.  As a

14   result, two nearly identical motions for class certification are now pending in both this case and in

15   *Guzman.*  The proposed class definitions differ only in the dates they use to define who is a

16   member.  *Compare* Mem. Class Cert. at 10, ECF No. 86-1, *with* Mem. Class Cert. at 11, *Guzman*

17   *v. Polaris Indus. Inc.*, No. 18-1543 (C.D. Cal. May 18, 2021), ECF No. 67-1.  According to

18   Polaris, Guzman is a member of the proposed class in this action, and Berlanga is a member of

19   the proposed class in *Guzman.*  Opp'n Class Cert. at 9–10, ECF No. 90.

20         A federal district court may "transfer, stay, or dismiss an action when a similar complaint

21   has already been filed in another federal court."  *Alltrade, Inc. v. Uniweld Products, Inc.*,

22   946 F.2d 622, 623 (9th Cir. 1991).  This rule "is designed to avoid placing an unnecessary burden

23   on the federal judiciary, and to avoid the embarrassment of conflicting judgments."  *Church of*

24   *Scientology of Calif. v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled in part*

25   *on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987

26   (9th Cir.  2016) (per curiam) (en banc).  The court considers the "chronology of the lawsuits,

27   similarity of the parties, and similarity of the issues."  *Kohn Law Group, Inc. v. Auto Parts Mfg.*

28   *Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).  And in a class action, the court compares

1   the classes, not the class representatives. *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014,

2   1020 (N.D. Cal. 2008) (citing Cal. Jur. 3d Actions § 284); *Adoma v. Univ. of Phoenix, Inc.*,

3   711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010).

4        This action and *Guzman* involve overlapping proposed classes, similar allegations, and

5   similar legal claims.  Although the actions are not duplicative—the proposed classes do not

6   overlap completely—the pending motions for class certification in both cases will require this

7   court and the Central District court to resolve nearly identical disputes based on the same law and,

8   in many instances, identical evidence and arguments.  For two courts to move forward

9   simultaneously with both pending motions for class certification risks not only a significant

10   duplication of effort but also inconsistent and potentially conflicting resolutions.  For these

11   reasons, at the upcoming hearing before this court on August 11, 2023, the parties shall be

12   prepared to address why this action should not be stayed pending resolution of the pending

13   motion for class certification in *Guzman v. Polaris Industries Inc.*, No. 18-1543 (C.D. Cal.), or in

14   the alternative whether a dismissal, transfer or stay of a broader scale would be appropriate.

15        IT IS SO ORDERED.

16   DATED:  August 1, 2023.

17

CHIEF UNITED STATES DISTRICT JUDGE