1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   Francisco Berlanga,                         No. 2:21-cv-00949-KJM-DMC
12                         Plaintiff,            ORDER
13           v.
14   Polaris Industries Inc., et al.,
15                         Defendants.
16

17       The plaintiffs in this action allege defendant Polaris Industries, Inc. misrepresented the
18  strength of the rollover protective systems on its utility terrain vehicles. *See generally* First Am.
19  Compl., ECF No. 22.  They filed their original complaint in 2021. *See generally* Compl., ECF
20  No. 1.  Another nearly identical action is currently pending in the United States District Court for
21  the Central District of California.  That action was filed about two years before this one, in 2019.
22  *See generally* Compl., *Guzman v. Polaris Indus. Inc.*, No. 19-1543 (C.D. Cal. Aug. 8, 2019), ECF
23  No. 1.  In both cases, the plaintiffs allege Polaris falsely claimed its vehicles' rollover protective
24  systems met "OSHA requirements of 29 CFR § 1925.53," and in both cases, a motion to certify a
25  proposed class is pending.  S*ee* Order at 1–2 (Aug. 1, 2023), ECF No. 97.  The motions and cases
26  involve virtually identical legal and factual disputes.
27       This court held a hearing on the pending motion for class certification in this case on
28  August 11, 2023.  Mins., ECF No. 103.  Before that hearing, the court instructed the parties to be

prepared to discuss whether this case should be dismissed, stayed, or transferred to the Central District of California under the "first-to-file" rule. ECF No. 97. Plaintiff's counsel confirmed at a hearing that a difference between the proposed class periods is the only true difference between the two cases. After considering all the parties' arguments at hearing and reviewing again the record of this action and the *Guzman* action, the court concludes this action should be transferred to the Central District of California, as explained below.

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). The district court in the later-filed action has discretion to "transfer, stay, or dismiss" that action. *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). This rule "is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled in part on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016) (per curiam) (en banc). It "should not be disregarded lightly." *Alltrade*, 946 F.2d at 625 (quoting *Church of Scientology*, 611 F.2d at 750). The court in the later-filed case considers the "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). In proposed class actions like this one, the court compares the classes, not the class representatives. *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (citing Cal. Jur. 3d Actions § 284); *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010).

The first-to-file rule applies squarely to this case. It was filed after the *Guzman* action. The two cases also turn on virtually identical factual and legal issues. But for the differing proposed class periods, the proposed classes would be identical. No party contends otherwise. For two courts to move forward simultaneously risks not only a significant duplication of effort but also inconsistent and potentially conflicting resolutions.

       The court declines to dismiss this action, as it has progressed alongside the *Guzman* action apace. The court also declines to stay this action. A stay would likely lead to unnecessary delay. A transfer is the most efficient and fairest means of avoiding wasted effort, delays, and inconsistent or conflicting resolutions. The parties and the Central District court may determine how best to litigate the two cases, such as by reassignment to the same judge, coordination of scheduling and hearings, consolidation and other means.

       In conclusion, this action is **transferred** to the United States District Court for the Central District of California under the first-to-file rule.

       IT IS SO ORDERED.

DATED: August 28, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE